**FILED**
APR 17 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE SMITH EL BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 14-1726 (UNA) |
| ) | |
| STATE OF NEW JERSEY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION

This matter comes before the court on review of petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of mandamus.[1] The Court will grant the application, and dismiss the petition.

Petitioner identifies himself as an "Aboriginal Indigenous Moorish-American." Pet. at 1. It appears that his claims arise from proceedings in Small Claims Court initiated by a creditor. *See id.* at 2. Petitioner states that he submitted a "Writ in the Nature of Discovery" to his creditor with a copy to the Small Claims Court, a Magistrate of which informed petitioner that a discovery request need not be honored. *Id.* It further appears that, when the Writ of Discovery was not honored, petitioner sent his creditor a "Notice of Default Judgment." *Id.* Petitioner states that he received a notice from the Small Claims Court indicating that a motion had been denied. *Id.* In this action, petitioner has demanded an order compelling the Magistrate to honor

---

[1] It is not clear that petitioner is a prisoner to whom the provisions of 28 U.S.C. § 1915(a)(2) apply. Accordingly, the Order [ECF No. 3] which directed petitioner to file a certified copy of his trust fund account statement will be vacated.



the default judgment and that "all claims, petitions, suits, filings with any third party corporations regarding [his] credit history be dismissed and expunged." *Id.* at 4.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, this federal district court is without authority to review or direct the actions of a state court judge or magistrate. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Amit Mehta
United States District Judge

DATE: 4/16/15